**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL R. KLINGLESMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1637-M |
| | ) |
| JACKSON NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed February 24, 2005. On March 14, 2005, plaintiff filed his response. On April 15, 2005, defendant filed its reply, and on May 2, 2005, plaintiff filed his surreply.

On December 1, 2004, plaintiff filed the instant action alleging the following claims: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, (2) violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*, (3) retaliatory discharge under the Oklahoma Workers' Compensation Act ("OWCA"), Okla. Stat. tit. 85, § 5, (4) failure to pay wages under Okla. Stat. tit. 40, §§ 165.1 *et seq.*, (5) breach of the duty of good faith and fair dealing for failure to pay accrued benefits, and (6) breach of public policy for terminating employment to deprive plaintiff of accrued benefits. Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of plaintiff's claims.

I.   Motion to Dismiss Standard

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144

F.3d 1302, 1304 (10th Cir. 1998). "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Further, in an employment discrimination case, the complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework but "instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).

II.  ADA Claim

Defendant asserts that plaintiff's ADA claim should be dismissed because plaintiff fails to allege what his disability is, how long it has lasted, what major life activities it affects, and/or how these life activities are substantially limited. Having carefully reviewed plaintiff's Complaint, and accepting as true all well-pleaded facts, and viewing those facts in the light most favorable to plaintiff, the Court finds that plaintiff has adequately alleged his disability and the length of said disability. In his Complaint, plaintiff states that he suffered numerous injuries, including a broken back, and that these injuries have left plaintiff permanently disabled. *See* Complaint at ¶ 9. Plaintiff further alleges that defendant discriminated against him on the basis of this disability. The Court finds that these allegations provide defendant with sufficient notice of plaintiff's claim to survive a motion to dismiss. *See EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("An accusation of discrimination on the basis of a particular impairment provides the defendant with sufficient notice to begin its defense against the claim.") ("We hold that so long as the complaint

notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading."); *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1282-85 (D.N.M. 2002).

Accordingly, the Court finds that plaintiff's ADA claim should not be dismissed.

III.   FMLA Claim

Defendant asserts that plaintiff's FMLA claim should be dismissed because plaintiff has failed to adequately allege that it is an "employer" and that plaintiff is an "eligible employee" within the meaning of the FMLA. "'In order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an "employer" and the plaintiff employee is an "eligible employee."'" *Schmitt v. Beverly Health and Rehab. Servs., Inc.*, 962 F. Supp. 1379, 1383-84 (D. Kan. 1997) (quoting *Burke v. Nalco Chem. Co.*, No. 96 C 981, 1996 WL 411456 (N.D. Ill. July 18, 1996)).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has not adequately alleged that defendant is an "employer" and that plaintiff is an "eligible employee" within the meaning of the FMLA. Plaintiff's Complaint contains no allegation that he is an "eligible employee" and contains only a conclusory allegation that defendant is an "employer" within the meaning of the FMLA. Accordingly, the Court finds that plaintiff's FMLA claim should be dismissed on this basis. However, the Court finds that plaintiff should be granted leave to amend his complaint to include adequate allegations that defendant is an "employer" and that he is an "eligible employee" within the meaning of the FMLA.

IV.   Workers' Compensation Retaliatory Discharge Claim

Defendant asserts that plaintiff's workers' compensation retaliatory discharge claim should

be dismissed because plaintiff has failed to allege facts which would establish a prima facie case of retaliation. Under the OWCA, an employer is prohibited from discharging an employee who, in good faith, files a workers' compensation claim. Okla. Stat. tit. 85, § 5(A)(1). In order to establish a prima facie case of workers' compensation retaliatory discharge, a plaintiff must show: (1) employment, (2) an on-the-job injury, (3) receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury or that the employee in good faith instituted, or caused to be instituted, proceedings under the OWCA, and (4) consequent termination. *Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 806 (Okla. 1988).

Having carefully reviewed plaintiff's Complaint, and accepting as true all well-pleaded facts, and viewing those facts in the light most favorable to plaintiff, the Court finds that plaintiff has adequately alleged a workers' compensation retaliatory discharge claim. Specifically, the Court finds that plaintiff has alleged employment, *see* Complaint at ¶ 7, an on-the-job injury, *see* Complaint at ¶¶ 9-11, the institution of workers' compensation proceedings, *see* Complaint at ¶11, and termination, *see* Complaint at ¶¶ 15, 17. Accordingly, the Court finds that plaintiff's workers' compensation retaliatory discharge claim should not be dismissed.

V.    Unpaid Wages Claim

Defendant asserts that plaintiff's unpaid wages claim should be dismissed because plaintiff's allegations are vague and do not give defendant fair notice of plaintiff's claim. Under Federal Rule of Civil Procedure 8(a), a plaintiff's claim is not required to be factually detailed, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has adequately

alleged an unpaid wages claim. Specifically, plaintiff alleges that during his recovery from his accident, he "maintained a strong business relationship with his clients" and that his territory "continued to produce at record levels, resulting in significant revenue for Defendant." Complaint at ¶ 12. Plaintiff further alleges that "[b]eginning in February 2003, Defendant unlawfully withheld Plaintiff's accrued compensation. . . ." Complaint at ¶13. The Court finds that these allegations provide defendant with sufficient notice of plaintiff's claim to survive a motion to dismiss.

Accordingly, the Court finds that plaintiff's unpaid wages claim should not be dismissed.

VI.   Breach of Covenant of Good Faith and Fair Dealing Claim

Defendant asserts that plaintiff's breach of the covenant of good faith and fair dealing claim should be dismissed because such a claim is not recognized under Oklahoma law. Plaintiff, however, contends that the Oklahoma Supreme Court has recognized such a claim in *Hall v. Farmers Ins. Exchange*, 713 P.2d 1027 (Okla. 1985).

In *Hall*, the Oklahoma Supreme Court held that "a principal may not unfairly deprive his agent of the fruits of that agent's own labor by a wrongful, unwarranted resort to a clause in the agency contract which provides for termination at will." *Hall*, 713 P.2d at 1031. While *Hall* did not create a new cause of action in favor of an at-will employee discharged in "bad faith," Hall did create a cause of action for an agent against his principal when the latter has, in bad faith, deprived him of the fruit of his own labor. *Hinson v. Cameron*, 742 P.2d 549, 552 (Okla. 1987).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff is not simply alleging that he was terminated in bad faith, as defendant asserts, but is alleging that he was terminated in order to deprive him of his already accrued contractual benefits. Such allegations fall squarely within the cause of action created by *Hall*. The Court, therefore, finds that plaintiff's

5

breach of the covenant of good faith and fair dealing claim should not be dismissed.

VII.   *Burk* Claim

Plaintiff alleges that his termination was in violation of Oklahoma public policy and asserts a claim under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). Defendant contends that this claim should be dismissed because plaintiff has failed to allege the existence of an Oklahoma public policy upon which this claim is based. Plaintiff, however, states that the public policy articulated in *Hall* is the basis for his *Burk* claim.

In *Burk*, the Oklahoma Supreme Court recognized a limited public policy exception to the terminable-at-will rule in cases in which the employee's discharge is contrary to a clear mandate of public policy. *Burk*, 770 P.2d at 29. "Prior judicial decisions may [ ] establish the relevant public policy." *Id.* (internal quotations and citation omitted). Further, in *Burk*, the Oklahoma Supreme Court specifically referenced the *Hall* decision and noted:

> that where the employee's discharge is motivated by the employer's desire to avoid payment of benefits already earned by the employee, such as future commissions based on past service as in the *Hall* case, the discharge has been characterized "as a reason contrary to public purpose."

*Id.*

Based upon the *Hall* decision, and the Oklahoma Supreme Court's recognition of the public policy articulated in *Hall*, the Court finds that plaintiff's *Burk* claim is based upon a clear mandate of public policy. Accordingly, the Court finds that this claim should not be dismissed.

VIII.   Plaintiff's Request for Attorney Fees

Plaintiff contends that defendant's motion to dismiss is wholly without merit and that the Court should award attorney fees to plaintiff for responding to this motion. Because the Court has

granted defendant's motion to dismiss in part, the Court finds that plaintiff's request for attorney fees should be denied.

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 18] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiff's FMLA claim, and

(B) The Court DENIES the motion to dismiss as to plaintiff's ADA claim, workers' compensation retaliatory discharge claim, unpaid wages claim, breach of the covenant of good faith and fair dealing claim, and *Burk* claim.

Additionally, the Court GRANTS plaintiff leave to amend his complaint to include adequate allegations that defendant is an "employer" and that he is an "eligible employee" within the meaning of the FMLA. Plaintiff shall file any amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 29th day of September, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE